IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 3:14-cr-75 |
| v. | ) | |
| | ) | |
| JOHNA LOREEN VANDEMORE, | ) | **GOVERNMENT'S** |
| a.k.a. Johna Volger and | ) | **SENTENCING MEMORANDUM** |
| Johna Ratliff, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through Assistant United States Attorney Richard D. Westphal, and hereby submits the following memorandum for sentencing in this matter:

## I.     BACKGROUND

On December 17, 2014, the defendant, Johna Loreen Vandemore, waived indictment and pled guilty to Count 1 of an Information charging her with mail fraud, in violation of Title 18, United States Code, § 1341.  For sentencing, Vandemore objects to the two level enhancement under USSG §2B1.1(b)(10) for sophisticated means.  The government asserts that the PSR application of this enhancement is correct.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum Sentence

Under 18 U.S.C. § 1341, Vandemore's statutory sentencing range is not more than 20 years imprisonment.  There is no mandatory minimum.

**B.** **Sentencing Guidelines Calculation**

The presentence report calculated Vandemore's advisory guideline range in PSR ¶¶ 23-33 as follows:

| | |
|---|---:|
| USSG §2B1.1(a)(1) (base offense level): | +7 |
| USSG §2B1.1(b)(1)(E) (loss greater than $70,000): | +8 |
| USSG §2B1.1(b)(10) (sophisticated means): | +2 |
| Adjusted Offense Level: | 17 |
| Acceptance of Responsibility: | -3 |
| Total Offense Level: | 14 |

Criminal History II

Guideline Range: 18-24 months imprisonment

**D.** **Vandemore used sophisticated means to carry out this scheme and a two level enhancement under USSG §2B1.1(b)(10) should be applied**.

Vandemore is eligible for a two level enhancement in her advisory guideline range because the evidence establishes that the offense "otherwise involved sophisticated means." USSG §2B1.1(b)(10). The Guidelines explain that "sophisticated means" refers to the complex or especially intricate offense conduct pertaining to the execution or concealment of an offense and applies to conduct such as use of fictitious entities. USSG §2B1.1, *Application Note*, 9(B).

In 2007, the victim was involved in a short-term relationship with Vandemore, after which she informed him she was pregnant. (PSR ¶¶ 10-11.) The victim agreed to provide financial support, however, Vandemore demanded a lump sum or she would take him to court for more. (PSR ¶ 11.) There was no child. The victim agreed to make monthly payments of $1,000 plus all child related monthly expenses. (PSR ¶ 11.) The victim requested a copy of a birth certificate, and Vandemore provided a falsified birth certificate. (PSR ¶ 10-11.) In order to

obtain additional funds from the victim, Vandemore provided a false medical bill purporting to reflect past treatment of the fictitious child. (PSR ¶ 16.) When the victim requested pictures, Vandemore solicited pictures of a cousin's daughter, and forwarded these pictures to the victim misrepresenting them to be her child with the victim. (PSR ¶¶ 10, 12, 14 and 16.) Although Vandemore lived in Maquoketa, she directed the victim to make payments to a post office box in Bettendorf, Iowa. (PSR ¶ 17.) When her husband discovered and questioned her receipt of monthly $1,000 checks, she told him the payments were residual compensation from prior sales made with Herbalife. (PSR ¶ 15.) From August 5, 2007 to October 1, 2013, Vandemore received over 90 separate payments from the victim for a total of $95,850.00. (PSR ¶ 17.)

A scheme may be sophisticated even if each step in the scheme was not elaborate, as long as the total scheme was sophisticated. *United States v. Halloran*, 415 F.3d 940, 945 (8th Cir. 2005). Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme. *United States v. Finck*, 407 F.3d 908, 915 (8th Cir.2005). A scheme can be sophisticated if it required a greater deal of planning and concealment than the typical case. *United States v. Jenkins*, 578 F.3d 745, 752 (8th Cir. 2009). Use of multiple types of false documents can be evidence of "sophisticated means." *United States v. Edelmann*, 458 F.3d 791, 816 (8th Cir. 2006); and *Halloran*, 415 F.3d at 945.

Vandemore used the false guilt of a purported unexpected pregnancy as a springboard to create an over six year fraudulent scheme to repeatedly extort over 90 separate payments from the victim for a total of $95,850. Using a number of false documents, that included a false birth certificate from a non-existent hospital, false medical bills and threats of more onerous legal action, she continuously took more bold steps to perpetuate this scheme. After repeated requests from the victim for pictures of his alleged child, Vandemore feigned interest in the daughter of a

cousin to solicit photographs and then forwarded these photos to the victim to continue receiving monthly payments into her personal pocket.  When Vandemore's husband inquired into her receipt of $1000 payments to an out of town post office box, Vandemore lied and told him it was residual compensation from a past sales job.  Not until the involvement of a private investigator and law enforcement officers were the multi-layered levels of false information and false documents uncovered and the scheme ended.  This overall scheme was sophisticated.  The multiple uses of false information and documents, the repetitive misrepresentations to obtain multiple payments over a significant period of time represented a greater degree of concealment then a typical case.  This evidence supports a two level enhancement for "sophisticated means" pursuant to USSG §2D1.1(b)(10).

### III.     GOVERNMENT'S RECOMMENDATION

The government will recommend a sentence of 18 months imprisonment.  This sentence is reasonable taking into account the advisory guideline range in conjunction with the factors outlined under 18 U.S.C. § 3553(a), including the history and characteristics of this defendant, her criminal history, the nature of this offense, the need for deterrence, the need for the sentence to reflect the seriousness of this offense, the need to protect the public, the need to avoid unwarranted sentencing disparity and provide a sentence that is sufficient, but not greater than necessary.

WHEREFORE, the government prays that the district court consider this sentencing memorandum in determining the final sentence of the defendant.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: */s/ Richard D. Westphal*
Richard D. Westphal
Assistant United States Attorney
U.S. Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: rich.westphal@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax _____Hand Delivery

 X \_\_\_ECF/Electronic filing \_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ Richard D. Westphal*
    Richard D. Westphal
    United States Attorney's Office